UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. BROWN,<br><br>        Plaintiff,<br><br>  v.<br><br>C. FLORES, et al.,<br><br>        Defendants. | Case No. 18-CV-01578 LHK (PR)<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the amended complaint with prejudice.

## DISCUSSION

A.    <u>Standard of review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Prior complaints

In plaintiff's original complaint, plaintiff alleged that on specific days in January, February, and March 2017, plaintiff's cell flooded. Plaintiff alleged that he informed defendants Correctional Officers C. Flores, A. Chavez, T. Grady, and T. Guiterrez about the flooding. On January 26, 2017, Flores refused plaintiff cleaning supplies. On February 10, 2017, Chavez refused him cleaning supplies. On February 17, 2017, Chavez informed plaintiff that she would assist him, but she failed to do so. On February 18, 2017, Grady did not allow plaintiff to exit the cell or use cleaning materials. On March 5, 2017, Grady again denied plaintiff cleaning supplies. On March 6, 2017, plaintiff slipped on the water and suffered a concussion after hitting his head on a metal bunk. On March 12, 2017, Guiterrez told plaintiff that Guiterrez put in a work order to fix the flooding.

The court dismissed the complaint with leave to amend. The court advised plaintiff that plaintiff must provide non-conclusory facts from which it could be inferred that each defendant actually knew that there was a substantial risk of serious harm to plaintiff yet failed to act. The court warned plaintiff that the failure to file an amended complaint in accordance with its order would result in the dismissal of this case.

A review of plaintiff's amended complaint shows that the factual allegations in the amended complaint are exactly the same as those stated in plaintiff's original complaint. Plaintiff's allegations do not provide any non-conclusory facts from which it can be inferred that

Case No. 18-CV-01578 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

2

any defendant possessed a culpable state of mind sufficient to state an Eighth Amendment claim. Plaintiff's amended complaint is dismissed for failure to state a claim. Even after the court explained to the deficiencies in plaintiff's original complaint, plaintiff failed to cure those deficiencies and instead filed a verbatim copy of his original complaint. Therefore, the court finds that giving plaintiff further leave to amend would be futile, and this case is dismissed with prejudice.

## CONCLUSION

Plaintiff's amended complaint is DISMISSED with prejudice. The clerk shall terminate all pending motions and close the case.

**IT IS SO ORDERED.**

DATED: _____

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 18-CV-01578 LHK (PR)
ORDER OF DISMISSAL WITH PREJUDICE

3